UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22175-CIV-JORDAN

EDUARDO SANTIESTEBAN,

Plaintiff,

v.

GRQ CONSULTANTS, INC., a Florida corporation, and BARRY CHARLES HONIG,

Defendants.

______________________________/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE**

The Plaintiff and the Defendants, by and through their undersigned attorneys, file this Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, and state as follows:

**PRELIMINARY STATEMENT**

Plaintiff, EDUARDO SANTIESTEBAN, filed his Complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") by failing to pay overtime wages for all hours in excess of forty hours per week. The Defendants deny any wrongdoing under the FLSA.

To avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of all claims by the Plaintiff against all the Defendants. The parties submit their Settlement Agreement attached hereto as **Exhibit "A,"** for the Court's review and approval. Accordingly, the parties request that the Court approve the terms of the settlement agreement in this matter

pursuant to Lynn's Food Stores Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), dismiss this case with prejudice, and retain jurisdiction to enforce the terms of the parties' settlement.

## MEMORANDUM OF LAW

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. See Lynn's Food Stores, Inc., 679 F.2d at 1350. To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

The Plaintiff filed this lawsuit against Defendants alleging that Defendants violated the FLSA by failing to pay him time and one-half for work performed in excess of forty hours per week. Defendants vigorously deny these claims, maintain that the Plaintiff was properly paid for all his hours, and otherwise deny any violation of the FLSA. The Defendants' position is that the Plaintiff is owed nothing.

This case is appropriate for settlement because there is a factual dispute about the number of hours worked by the Plaintiff. The Plaintiff claims he worked over forty hours per week, while the Defendants claim Plaintiff did not.

Prior to the case being filed, the Plaintiff and the Defendants engaged in substantive negotiations to resolve this matter. Unable to resolve their differences, this case was filed on June 16, 2011. For many months the parties have engaged in substantive negotiations,

notwithstanding that the Plaintiff has been unsuccessful in serving the Defendants with process. Despite the factual dispute, the Defendants are paying the Plaintiff a settlement, consistent with the terms of the settlement agreement, attached as **Exhibit A**. In return, the Plaintiff has agreed to dismiss this case with prejudice. The parties agree that the attached settlement terms represent a fair and equitable resolution of this matter in light of the contested issues in this case. For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel having experience in FLSA claims, the agreement is reasonable, and this Court should approve the Settlement. The parties further request the Court retain jurisdiction to enforce the terms of the parties' Settlement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and, (4) granting the parties such further relief as the Court deems just.

Respectfully submitted,


| | |
|---|---|
| Peter Bober, Esq.<br>peter@boberlaw.com<br>Samara Robbins Bober, Esq.,<br>samara@boberlaw.com<br>Bober & Bober, P.A.,<br>1930 Tyler Street<br>Hollywood, FL 33020<br>Telephone: (954) 922-2298<br>Facsimile: (954) 922-5455<br>Attorneys for Plaintiff | Kenney L. Minerley, Esq.<br>Ken@minerleyfein.com<br>Minerley Fein, P.A.<br>980 N. Federal Hwy<br>Suite 412<br>Boca Raton, FL 33432<br>Telephone: (561) 362-6699<br>Facsimile: (561) 447-9884<br>Attorneys for Defendants |

## SETTLEMENT AGREEMENT AND RELEASE

1. This Agreement covers all understandings between EDUARDO SANTIESTEBAN (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, assigns, personal representatives, and heirs), and GRQ CONSULTANTS, INC. and BARRY C. HONIG (hereinafter collectively referred to as "Defendant," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in considerations of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

A. To settle any and all claims and actions of any nature whatsoever between Plaintiffs and Defendants and release and forever discharge Defendants of and from all and any manner of actions, cause of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising form Plaintiff's employment or separation from employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 11—22175-CIV-JORDAN, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' benefit Protection At, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment of separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement.

B. To file a Joint Stipulation of Dismissal with Prejudice of CASE NO.: CASE NO.: 11- 22175-CIV-JORDAN, pending in the United States District Court for the Southern District of Florida, along with this Agreement for review and approval by the Court.

EXHIBIT A

ES BH

C. To agree and acknowledge that this settlement is the full and final resolution of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statue or regulations, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

D. That the below-referenced amounts being paid by Defendants represent a sum to which Plaintiff would not be entitled absent this Agreement.

E. Not to disclose the terms of this Agreement to anyone except the attorney representing Plaintiff in this matter, Plaintiff's tax advisors (who, in turn, shall also agree not to disclose this Agreement to any third parties) as compelled by force of law, or as required during any unemployment compensation proceedings. In the event Plaintiff is compelled by force of law, or as required during any unemployment compensation proceedings. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

F. Plaintiff acknowledges that he is solely responsible for any federal, state, or local obligations arising out of this Agreement (but not for any amount with are the Defendants' lawful obligation to pay), and Defendants have made no representations regarding the tax consequences of the settlement payments being made herein.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Defendants agree as follows:

A. To pay, on or before September 27, 2011, the total sum of $10,500.00 to Plaintiff's counsel in 3 checks as follows:

1. Check # 1 to Plaintiff for $3,250.00, less withholdings at the usual and customary rate based on his employment, as back wages;

2. Check # 2 to Plaintiff for $3,250.00 as liquidated damages;

3. Check # 3 to Bober & Bober, P.A. for fees and costs ($530.00 costs; $3,470.00 for attorneys' fees)

B. If Defendants fail to make the payment set forth herein, Plaintiff shall be entitled to a consent judgment in the amount of $10,500.00 against Defendants, jointly and severally. Plaintiff expressly agrees and acknowledges that no portion of the settlement proceeds shall be released

PS BH

by his counsel until such time as the Court has entered a Final Order of Dismissal with Prejudice.

C. Defendants agree not to disclose the existence or contents of this Agreement to any third party, except their accountants or lawyers, which include but are not limited to any prospective employer of Plaintiff. If Defendants are contacted by any third party concerning Plaintiff, including but not limited to any prospective or current employer of Plaintiff, Defendants agree that they shall only confirm the dates of employment and job position last held by Plaintiff but shall not disclose the existence of contents of this agreement, shall not make disparaging remarks about or against Plaintiff, and shall not reference the fact that Plaintiff brought litigation against Defendants. Likewise, Plaintiff expressly agrees that he shall not make any disparaging remarks about or against Defendants to any third parties.

D. In exchange for the consideration above, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now has, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents. Such is a general release from Defendants to Plaintiff.

4. In the event that Plaintiff or Defendants are required to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including reasonable appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

5. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be constructed as if the parties jointly prepared it so that any uncertainty of ambiguity shall not be interpreted against any one party and in favor of the other.

6. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Plaintiff and an authorized representative of Defendants.

7. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or

ES BH

provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

8. The law governing this Agreement shall be that of the United States and the State of Florida.

**THE FOREGOING TERMS ARE AGREED TO BY:**

Date: 9/23/2011 Signature: [signature]
EDUARDO SANTIESTEBAN

Date: 9/26/11 Signature: [signature]
GRQ CONSULTANTS, INC.

Date: 9/26/11 Signature: [signature]
BARRY C. HONIG